UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK TAYLOR, Individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 14-cv-09276<br>)<br>) Judge John W. Darrah |
| v. | )<br>) |
| GALAXY ASSET PURCHASING, LLC, a Nevada limited liability company, and QUANTUM3 GROUP, LLC, a Delaware limited liability company, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Taylor has filed a one-count class action against Defendants Galaxy Asset Purchasing, LLC ("Galaxy") and Quantum3 Group, LLC ("Quantum3"), alleging a single violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendants have filed a Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint and attached exhibits and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Galaxy is a debt collector that "buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then collect upon the debt by filing proof of claims in consumer bankruptcies." (Compl. ¶ 5). Galaxy and Quantum3 both operate nationwide debt collection businesses, including collecting from consumers in Illinois. (*Id.* ¶ 6). Both Galaxy and Quantum3 attempted to collect a debt from Plaintiff. (*Id.* ¶¶ 4, 7).

Plaintiff stopped paying a Household Bank credit card debt in 1996 due to financial difficulties. (*Id.* ¶ 8). Galaxy purchased this debt sometime thereafter. (*Id.*) On June 24, 2014, Plaintiff filed a Chapter 13 bankruptcy petition. (*In re Taylor*, N.D. Ill. Bankr. No. 14-23400.) On August 1, 2014, Defendants filed a proof of claim in the amount of $22,556.75 as to the Household Bank account. (Compl. ¶¶ 9-10.) Plaintiff's bankruptcy counsel objected on the basis that Defendants' proof of claim was filed more than five years after the date of the last transaction on the Household Bank account and therefore time-barred under Illinois law. (*Id.* ¶¶ 10-11.) On November 4, 2014, the bankruptcy court sustained Plaintiff's objection and disallowed the Defendants' proof of claim. (*Id.* ¶ 12.)

Plaintiff filed his class-action Complaint on November 11, 2014. Plaintiff alleges that Defendants' collection practice, of filing proofs of claim in bankruptcy proceedings on debts that are time-barred under Illinois law, violates § 1692(e)(5) of the FDCPA. (*Id.* ¶ 17.)

## LEGAL STANDARD

Under the federal notice pleading standards, "[a] plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff, all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. However, a complaint must allege "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 555 U.S. 662, 677 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

Under 15 U.S.C. § 1692e of the FDCPA, "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." "[The FDCPA] is a broad prohibition, and while § 1692e has 16 subsections describing ways by which a debt collector could violate the FDCPA, that list is nonexhaustive, and a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations omitted). Plaintiff alleges that Defendants violated § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Defendants contend that Plaintiff has failed to state a claim under the FDCPA.

### *Whether Filing Proof of Claim in Bankruptcy Violates the FDCPA*

Defendants first argue that filing a proof of claim in bankruptcy does not violate the FDCPA because it is not an action to collect a debt. District and bankruptcy courts have split in

3

their holdings on this issue, and the Seventh Circuit has yet to definitely rule on the issue.[1]

*See, e.g., Taylor v. Midland Funding, LLC*, No. 14 C 9277, 2015 WL 1456442, at *4 (N.D. Ill. Mar. 20, 2015) (discussing the split and denying motion to dismiss FDCPA claim); *Patrick v. PYOD, LLC et al.*, 39 F. Supp. 3d 1032 (S.D. Ind. 2014); *Elliott v. Cavalry Investments et al.*, No. 1:14-cv-01066-JMS-TAB, 2015 WL 133745 (S.D. Ind. Jan. 9, 2015) (denying motion to dismiss FDCPA claim); *but see, In re Lagrone*, 525 B.R. 419, 426 (Bankr. N.D. Ill. 2015) (filing a time-barred proof of claim did not violate the FDCPA); *Robinson v. eCast Settlement Corp.*, No. 14 C 8277, 2015 WL 494626, at *3 (N.D. Ill. Feb. 3, 2015) (same). There is also a split of authority outside this circuit. The Eleventh Circuit has held that filing a time-barred proof of claim does violate the FDCPA, *see Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014), while the Second and Ninth Circuits have found that filing such a claim does not violate the FDCPA. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010); *In re Chaussee*, 399 B.R. 225, 235-41 (B.A.P. 9th Cir. 2008).

The Seventh Circuit has, however, held that filing a time-barred lawsuit to collect a debt would violate the FDCPA. *See Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013) (holding that filing a time-barred lawsuit to collect a debt violates the FDCPA unless

---

[1] Defendants cite to numerous cases where courts have held that the FDCPA does not provide a remedy for bankruptcy proofs of claim, including *Buckley v. Bass & Assoc.*, 249 F.3d 678, 681-82 (7th Cir. 2001); *Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 814 (N.D. Ill. 1999); and *Baldwin v. McCalla*, No. 98 C 4280, 1999 WL 284788, at *4 (N.D. Ill. Apr. 26, 1999). Plaintiff correctly argues, however, that the Seventh Circuit's holding in *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), overrules *Buckley, Gray-Mapp*, and *Baldwin*. *See Reed v. LVNV Funding, LLC*, No. 14 C 8371, 2015 WL 1510375, at *2-3 (N.D. Ill. March 27, 2015) (finding that *Randolph* overruled *Gray-Mapp* and *Baldwin* and that *Buckley* does not "establish a *per se* rule that filing a claim in bankruptcy never violates the FDCPA . . .") In *Randolph*, 368 F.3d at 732-33, the Seventh Circuit held that the Bankruptcy Code and the FDCPA overlap and coexist with different remedies, but did not address the specific issue of whether the FDCPA applies to the filing of a proof of claim.

Defendant can prove that the suit was filed in good-faith error.)  In *Taylor*, 2015 WL 1456442, at *5-6, the district court reasoned that the holding in *Phillips*, as well as the split in authority, supported that filing a proof of claim in the bankruptcy proceedings could violate the FDCPA and denied the defendants' motion to dismiss.  The Court agrees with the reasoning set forth in *Taylor* and holds the filing of a proof of claim in the bankruptcy proceeding on a time-barred debt may state a claim under the FDCPA.[2]

Drawing all reasonable inferences in his favor, as is required, and considering the split authority within the courts of appeal, as well as within the Seventh Circuit itself, Plaintiff has sufficiently stated a claim under the FDCPA.

*Whether Plaintiff's Claim Is Precluded*

Defendants further argue that Plaintiff's claim is barred through collateral estoppel on the basis that the bankruptcy court resolved Defendants' proof of claim as untimely.  The parties seem to confuse collateral estoppel and *res judicata* as interchangeable.  To avoid further confusion, both will be addressed here.

The doctrine of collateral estoppel "precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit."  *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 326 (1955).  The doctrine of *res judicata*, on the other hand, precludes a suit when "a judgment 'on the merits' in a prior suit involv[es] the same parties or their privies . . . based on the same cause of action."  *Id.*  Both

---

[2] Additionally, Defendants' argument that filing a proof of claim in a bankruptcy proceeding is not an attempt to collect a debt has been outright rejected by a number of courts.  *See, e.g., Reed*, 2015 WL 1510375, at *4 (holding that "when a creditor 'files a proof of clam . . . it is using a traditional method of collecting a debt.'") (quoting *Gardner v. State of New Jersey*, 329 U.S. 565, 573 (1947)); *In re Brimmage*, 523 B.R. 134, 138 (Bankr. N.D. Ill. 2015) ("filing of a proof of claim is a form of debt collection.")

doctrines have the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

In any case, neither doctrine precludes Plaintiff from his FDCPA claim. Although Plaintiff objected to Defendants' proof of claim as time-barred and thus invalid in the bankruptcy court, the issue of whether the claim violated the FDCPA was never litigated. Defendants rely on *Adair v. Sherman,* 230 F.3d 890 (7th Cir. 2000), where the Seventh Circuit held that the plaintiff's FDCPA claim was precluded. In that case, the plaintiff-debtor had failed to object to the defendant's proof of claim in the underlying bankruptcy proceedings, and the the bankruptcy court had allowed the defendant's proof of claim as part of the plaintiff-debtor's bankruptcy plan. The court reasoned that "[a]llowing collateral attacks of the type brought by [Plaintiff] would give debtors an incentive to refrain from objecting in the bankruptcy proceeding and would thereby destroy the finality that bankruptcy confirmation is intended to provide." *Adair*, 230 F.3d at 895.

In this case, unlike *Adair*, Plaintiff did object to the proof of claim, and the claim was subsequently invalidated by the bankruptcy court. Neither collateral estoppel nor *res judicata* prevents Plaintiff "from claiming that defendants acted dishonestly when they filed the claim" because that issue was never decided by the bankruptcy court. *Robinson*, 2015 WL 494626, at n.5. Therefore, Defendants' Motion to Dismiss is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint [19] is denied.

Date:   June 11, 2015                              _____
                                                   JOHN W. DARRAH
                                                   United States District Court Judge